UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK STROVER,

        Plaintiff,                           Case No. 2:25-cv-11133

v.                                                  Hon. Brandy R. McMillion
                                                     United States District Judge

MICHAEL J. BOUCHARD, *et al.*,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 6)

Plaintiff Rick Strover ("Strover") brought this § 1983 civil rights action against Oakland County (the "County"), Oakland County Sheriff, Michael J. Bouchard ("Sheriff Bouchard", together with the County, "Defendants"), and unnamed John Doe employees of the Oakland County Sheriff Department ("John Doe Defendants"). *See* ECF No. 1. Stover alleges two counts: one for a violation of his Fourteenth Amendment equal protection rights to receive adequate medical treatment, and the other for gross negligence under Michigan law.[1] *Id.* The Defendants now move to dismiss Strover's complaint in its entirety under Federal Rule 12(b)(6). ECF No. 6. The Motion has been

---

[1] The Court notes Stover's Complaint states a claim for a violation of "[t]he right to fair and equal treatment guaranteed by the Equal Protection Clause of the 4th Amendment." ECF No. 1, PageID.4. However, the Equal Protection Clause is a part of the Fourteenth Amendment, which is applicable here based on the facts in the record. Thus, the Court will analyze this case as bringing a claim under the Fourteenth Amendment.

1

adequately briefed for the Court to find oral argument unnecessary. *See* ECF Nos. 10, 11; E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the Defendants' Motion is **GRANTED**.

## I.

In November 2023, Strover was sentenced to 30 days incarceration at the Oakland County Jail for "obtaining a controlled substance by false prescription" in violation of MICH. COMP. LAWS § 333.17766E. *See* ECF No. 10, PageID.103. Strover has polycythemia vera. ECF No. 1, PageID.3. Strover alleges personnel at Oakland County Jail were on notice of his continuing need for medical treatment to address his condition during his incarceration period. *See* ECF No. 10, PageID.96. However, Strover asserts he did not receive medical treatment "in the form of medication which was required to maintain his health" to prevent further health complications. ECF No. 1, PageID.3.

While incarcerated, Strover made requests for additional medical care, to no avail. *See e.g.*, ECF No. 10, PageID.121-122. On November 24, 2023, Strover collapsed in his cell after experiencing a syncopal episode. *See* ECF No. 1, PageID.3; ECF No. 10, PageID.116. He was transported to the Oakland County Jail Clinic, evaluated, and transferred to McLaren Hospital. *See* ECF No. 10, PageID.96, 109. During his clinic evaluation, Strover informed the staff that he had a preexisting medical condition of polycythemia vera and had not been receiving his regular phlebotomy draws. *See* ECF No. 10, PageID.116.

After being released from custody, Strover commenced this action, alleging a violation of his constitutional rights and gross negligence, pursuant to 42 U.S.C. § 1983. *See* ECF No. 1; ECF No. 6, PageID.15.  He alleges Sheriff Bouchard and unnamed John Doe Defendants failed to provide him with adequate medical care for polycythemia vera, which was aggravated during his incarceration and now causes him to suffer from AFIB.  *See* ECF No. 1, PageID.3; ECF No. 6, PageID.28.  This Motion followed thereafter.  *See* ECF No. 6.  The Motion has been fully briefed, and the record before the Court is sufficient such that oral argument is unnecessary.  *See* ECF Nos. 10, 11; E.D. Mich. L.R. 7.1(f)(2).

## II.

Federal Rule of Civil Procedure 8(a) requires that a complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief," providing the defendant with fair notice of the what the claim is and the grounds it rests on.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the plaintiff has an obligation to file a complaint that is "plausible on its face."  *See City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 503 (6th Cir. 2010) (citing *Twombly*, 550 U.S. at 556).  Whether a plaintiff has sufficiently pled a plausible claim depends on the factual allegations within the four corners of the complaint.  *See Caraway v. Corecivic of Tenn., LLC.*, 98 F.4th 679, 687-88 (6th Cir. 2024).

To avoid dismissal under Federal Rule 12(b)(6), a plaintiff's well-pleaded factual allegations must "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  In reviewing a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff.  *See Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023).  The Court also must accept all the complaint's factual allegations as true and determine whether these facts sufficiently state a plausible claim for relief.  *See Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Twombly*, 550 U.S. at 555-56).  But pleadings that are no more than legal conclusions are not entitled to the assumption of truth.  *See Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3.

### III.

Sheriff Bouchard and Oakland County allege three arguments for dismissal.  First, the claims against Oakland County are insufficient because Stover failed to allege a violation of a specific unconstitutional policy, practice, or custom.  ECF No. 6, PageID.30.  Second, Stover's supervisory liability claim against Sheriff Bouchard is insufficient because he does not allege any involvement of Sheriff Bouchard in Stover's pleas for medical attention.  *See id.* at PageID.34-36.  Lastly, Stover's gross negligence claim is devoid of merit because of governmental immunity barring the claim by statue.  *Id.* at PageID.36.  The Court will address each issue in turn.

At the outset, it's worth noting that Stover is in a unique position: he is no longer detained, does not appear to be awaiting trial, and his alleged violation arose from a conviction, sentencing him to a 30-day incarceration period. This situation does not squarely place him under the protections of the Eight Amendment or the Fourteenth Amendment. Nevertheless, since both amendments apply the "same 'deliberate indifference' framework," the Court will analysis his claims as presented. *See Griffith v. Franklin Cnty., Kentucky*, 975 F.3d 554, 567 (6th Cir. 2020) (citations omitted); *accord Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992) (discussing how pretrial detainees' right are analyzed under the Fourteenth Amendment's due process clause and are completely analogous to the Eighth Amendment rights of prisoners).

A.   **MUNICIPAL LIABILITY (*Oakland County*)**

Strover bases his claims against the County on a theory of vicarious liability and policy/practice and customs. *See* ECF No. 1, PageID.2 ("Defendant Oakland County Sheriff's Department employed Defendant Deputies and is therefore vicariously liable for their acts and/or omissions. The County is also liable for its policies, practices, and customs…"). However, Strover's claims against the County fail on both fronts.

First, to prevail on a §1983 claim, the plaintiff must demonstrate (1) the deprivation of a right secured by the Constitution or laws of the United States, (2) caused by a person acting under the color of state law. *Dominguez v. Corr. Med. Servs.*,

5

555 F.3d 543, 549 (6th Cir. 2009). However, municipalities are not liable under § 1983 unless *deliberate* action attributable to the municipality directly caused a deprivation of federal rights. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 415 (1997). And *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), makes clear that "a municipality cannot be held liable solely because it employs a tortfeasor… under § 1983 on a respondeat superior theory." *Id*. at 691; *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Municipal liability is limited to action for which the municipality is "actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (Brennan, J. concurring) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)). Here, Strover alleges no action on the part of Oakland County that would subject it to liability.

Second, even though the County could be held liable for its "policies, practices, and customs," Strover fails to sufficiently allege any policy/practice/custom that was violated. To establish municipal liability based on a policy or custom, the plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [the] particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *see also S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 563 (6th Cir. 2007) (stating that the entity "must be the moving force behind the deprivation, such that the entity's policy of custom played a part in the violation of federal law") (cleaned up). There are four

recognized avenues for a plaintiff to establish a municipality's policy or custom: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1038 (6th Cir. 2024) (citing *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). The municipality must also be the moving force behind the injury alleged. *Brown*, 520 U.S. at 404. Here, Strover has not alleged any of the above, making conclusory allegations that parrots the legal standard for municipal liability which is insufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

Therefore, Count I against Oakland County is dismissed.

**B.     INDIVIDUAL LIABILITY (*Sheriff Bouchard*)**

Similarly, the § 1983 claim against Sheriff Bouchard should also be dismissed. As stated, it is well established that personal liability under § 1983 cannot be imposed on supervisors solely based on respondent superior. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). The Complaint is void of any allegations of any action or inaction of Sheriff Bouchard, personally. As argued by Defendants, the allegations merely refer to the "Sheriff's Department" or "Sheriff's Office." ECF No. 6, PageID.34 (citing ECF No. 1, ¶¶7, 10; Count ¶17g). Because Strover is required to

plead individual action on the part of Sheriff Bouchard and he does not, this claim is subject to dismissal. *Iqbal*, 556 U.S. at 676.

But even if the Court were to consider Strover's allegations under supervisory liability, they still fail. As the Sixth Circuit explained:

> "For individual liability on a failure-to-train or supervise theory, the defendant supervisor must be found have encouraged the specific incident of misconduct or in some other way directly participated in it. **A Plaintiff must demonstrate that the defendant supervisor at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.** A mere failure to act will not suffice to establish supervisory liability."

*Essex v. Cnty of Livingston*, 518 F. App'x 351, 355 (6th Cir. 2013) (citations and quotations omitted) (emphasis added). Strover has not pleaded that Sheriff Bouchard "implicitly authorized, approved, or knowingly" participated in anyway with any medical care provided or denied to Strover. *Id.* *See* ECF No. 1, PageID.3-5.

The Court notes that Strover argues that Sheriff Bouchard is not entitled to qualified immunity, *see* ECF No. 10, PageID.10; but that is not the issue here. Because Strover is required to plead individual action on the part of Sheriff Bouchard and he does not, this claim is subject to dismissal. *Iqbal*, 556 U.S. at 676.

C.   **GROSS NEGLIGENCE**

Defendants also argue that Plaintiff's gross negligence claim is barred by statute under Michigan law. *See* ECF No. 6, PageID.36. The Court agrees. A claim for gross negligence is based in Michigan's Governmental Liability for Negligence Act

8

("GTLA"). *See Arthur v. Hepler*, No. 2:19-cv-11277, 2019 WL 6038530, at *2 (E.D. Mich. Nov. 14, 2019). However, that statute also provides immunity in certain circumstances:

> [The GTLA] provides governmental employees acting on behalf of a governmental agency with immunity from tort liability for injuries they cause during the course of their employ if all of the following are met : (1) the employee is acting or reasonably believes he or she is acting within the scope of his or her authority, (2) the governmental agency is engaged in the exercise or discharge of a governmental function, and (3) the employee's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

*Coopwood v. Cnty. of Wayne*, No. 2:20-cv-12092, 2024 WL 3513462, at *5 (E.D. Mich. July 23, 2024) (citing MICH. COMP. LAWS § 691.1407(8)(a)). Moreover, "[t]he GTLA defines gross negligence as 'conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.'" *Id.* Here, Strover failed to respond to Defendants argument for immunity under the GTLA. As such, the Court assumes he concedes this point and abandons the claim. *See Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010). But even if he opposed the argument, the Court finds that all allegations against Defendants relating to their conduct, occurred in the course of their employment and therefore the immunity would apply. *Coopwood*, 2024 WL 3513462 at *5.

Therefore, Count II is dismissed against all Defendants.

9

### D. JOHN DOE DEFENDANTS

The Court notes that the John Doe Defendants were never identified and have not been served in this matter. However, the Court's analysis applies equally to them to dismiss the claims against them.

First, to the extent that Strover sues the John Doe Defendants in their official capacities, such claims must also be dismissed. A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the official represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992), *abrogation recognized on other grounds*, *Lawler ex rel. Lawler v. Hardeman Cnty.*, 93 F.4th 919, 927 (6th Cir. 2024). Consequently, any official capacity claim against the John Doe Defendants is a suit against Oakland County and must be dismissed. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008).

Second, Strover failed to plead any individual involvement of the unnamed officers that would subject them to individual § 1983 liability. To survive a motion to dismiss, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Pineda v. Hamilton Cnty.*, 977 F.3d 483, 490 (6th Cir. 2020). It is necessary for Strover to allege

10

that each defendant was personally involved in the unconstitutional act. *Id.* *See* ECF No. 10, PageID.109Nonetheless, even if the conduct was attributed to specific officers by name, the claims would still fail. To allege a deliberate indifference to medical needs claim, plaintiff must plead (1) "the deprivation alleged [is], objectively, sufficiently serious" such that the inmate "is incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official subjectively demonstrated a "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

      The crux of Stover's complaint is that medical care was prolonged while he was incarcerated, after having notified all parties about his needs for a specific form of medical treatment. *See* ECF No. 1, PageID.4; ECF No. 10, PageID.96-97. However, Strover was in fact provided with medical care, *see* ECF No. 10, PageID.109, 116, albeit when the apparent need for care was required. And while Strover relies on *Bauserman v. Unemployment Insurance Agency*, 983 N.W.2d 855 (Mich. 2022) and *Moldown v. City of Warren*, 578 F.3d 351, 393 (6th Cir. 2009) to substantiate the notion that defendants can be held liable for a blatant policy violation resulting in injury, no actual policy or practice on behalf of the Sheriff, Oakland County jail or of the individual unnamed deputy officers who work at the jail has been alleged to support a finding of deliberate indifference.

11

## IV.

For these reasons, Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**.

**IT IS HEREBY ORDERED** that the Plaintiff's Complaint (ECF No. 1) is **DISMISSED** in its entirety.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated:  January 16, 2026　　　　　　　　　　s/Brandy R. McMillion
　　　　Detroit, Michigan　　　　　　　　　　HON. BRANDY R. MCMILLION
　　　　　　　　　　　　　　　　　　　　　　United States District Judge